# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| THE ONIONMAN COMPANY, LLC, VIDALIA ORGANICS, INC., and SHAD J. DASHER,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>    Defendant. | No. 2:20-cv-18 |

## ORDER

This matter is before the Court on a Motion to Dismiss, dkt. no. 5, by Defendant Nationwide Agribusiness Insurance Company ("Nationwide"). The motion has been fully briefed and is ripe for review. For the reasons below, Defendants' Motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED without prejudice**.

### BACKGROUND

In November 2017, Plaintiff Shad J. Dasher was operating a 5400 John Deere Tractor (the "Tractor") on a state highway in Tattnall County, Georgia when a vehicle driven by non-party James A. Lester collided with the Tractor, severely injuring Dasher. Dkt. No. 1-1 ¶ 10. Thereafter, Dasher filed suit against Lester in state court seeking to recover for injuries he sustained in the

accident. See id. at 96-98. Because the damages Dasher alleged exceeded Lester's liability insurance policy, Dasher also served Nationwide, which Dasher alleges was his uninsured motorist carrier. Id. ¶ 11.

In February 2020, Plaintiffs Dasher, The Onionman Company, LLC ("Onionman"), and Vidalia Organics, Inc. ("Vidalia") (collectively "Plaintiffs") filed an action in the Long County, Georgia Superior Court seeking a declaratory judgment that Dasher was entitled to the proceeds of a policy issued by Nationwide and that Nationwide must participate in the underlying personal injury action. See generally, id. The complaint (the "Complaint"), which Nationwide subsequently removed to this Court, states that Plaintiffs "entered into an insurance contract with [Nationwide], Commercial Auto Policy number FPK BAN 3027301414 with effective dates 9/1/17 through 9/1/18." Id. ¶ 5. Plaintiffs appended a "Farm Property" insurance policy (the "Farm Policy") to their pleading, which they contend is the policy at issue.

In March 2020, Nationwide filed the present Motion to Dismiss in which it argues that Plaintiffs had not alleged facts to establish that Dasher was an insured under an uninsured/underinsured motorist ("UM") policy issued by Nationwide and, in the alternative, Nationwide argues that Onionman and Vidalia lack standing to bring an action against Nationwide based on the facts alleged. Moreover, and most pertinent to the present

decision, Nationwide alleges that Plaintiffs had appended the wrong policy to the Complaint and that the policy Plaintiffs intended to attach was a Business Auto Policy (the "Auto Policy") with Policy No. FPK BAN 3027301414. Nationwide filed a copy of the Auto Policy as an exhibit to their motion. Dkt. No. 6.

For the reasons that follow, the Court finds that Plaintiffs have failed to state a claim entitling them to relief based upon the facts set forth in their Complaint The Court further finds that even had Plaintiffs alleged sufficient facts to state a claim, Plaintiffs Onionman and Vidalia are not proper parties because they lack standing. Accordingly, the Court will **GRANT** Nationwide's Motion to Dismiss and **DISMISS without prejudice** Plaintiffs' Complaint.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether a plaintiff has met this pleading requirement, the Court accepts the allegations in the complaint as true and draws all reasonable inferences in

3

favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

The Court finds that Plaintiffs' pleading does not allege facts sufficient to plausibly establish that it is entitled to coverage under a Nationwide policy. First, the Complaint itself is internally inconsistent. As Nationwide points out, the Farm Policy appended to the Complaint does not contain a UM provision. Accordingly, Plaintiffs could not be entitled to UM coverage under the Farm Policy.

In its Motion, Nationwide attaches a copy of an Auto Policy, which it argues Plaintiffs intended to attach to the Complaint. Regardless, the Court finds that it cannot consider the Auto Policy in assessing Nationwide's Motion to Dismiss. Generally speaking, courts may "not consider anything beyond the face of the Complaint

4

and documents attached thereto when analyzing a motion to dismiss." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007). However, the Eleventh Circuit has recognized an exception to this rule "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Id. (citing Harris v. Ivax Corp., 183 F.3d 799, 802 n.2 (11th Cir. 1999)).

Here, Nationwide undoubtedly attached the Auto Policy to its Motion to Dismiss; however, Plaintiffs have been equivocal on whether this was the policy that it referred to in their Complaint. In their briefing, Plaintiffs seem to conflate the Farm Policy and the Auto Policy. For example, Plaintiffs cite the Auto Policy for the definition of an "Insured" and the Farm Policy for the identity of the named insureds. See Dkt. No. 9 at 3. Plaintiffs also seem to argue that the Farm Policy and the Auto Policy are one in the same, contending that both have the "same policy number." Id. at 2. Plaintiffs are mistaken. Though the numbers are similar, the Farm Policy appended to the Complaint is policy number "FPK FMPN 3027301414", see dkt. no. 1-1 at 13 (numeric spacing omitted), whereas the Auto Policy appended to Nationwide's motion is number FPK *BAN* 390207301414, see dkt. no. 6 at 7 (emphasis added and numeric spacing omitted). Thus, the Court simply cannot find, based on the record before it, that Plaintiff intended to refer to the

5

Auto Policy in its Complaint. Accordingly, the Court will not consider the Auto Policy in the motion before it.

Second, even if Plaintiffs could take language from both policies to support their claims, they have nonetheless failed to allege sufficient facts to support that Dasher was insured. Plaintiffs point to policy language stating that members of a limited liability company are insured as it concerns their "farming operations." Dkt. No. 9 at 3 (citing Dkt. No. 1-1 at 82). They argue that because Dasher was operating the Tractor for the purpose of farming land owned by Onionman and Vidalia—both of whom are named insureds—at the time of the accident, Dasher was insured under this provision.[1] However, Dasher has not alleged any facts in the Complaint suggesting that he was performing farming operations for Onionman or Vidalia on the day of the accident. In fact, the Complaint does not even indicate that Dasher was affiliated with either of those entities, other than to state that Dasher is their "registered agent." Dkt. No. 1-1 ¶ 4. In assessing whether Plaintiffs have stated a claim that would entitle them to relief, the Court looks to the facts alleged in its Complaint, not to supplemental facts added in the parties' briefing. See Pouyeh v. Bascom Palmer Eye Inst., 613 Fed. App'x 802, 808 (11th Cir.

---

[1] In a sense, this argument is futile because the limited liability provision to which Plaintiffs cite is in the Farm Policy, which, as discussed above, does not have a UM provision. Nevertheless, for the sake of argument the Court will assume—in this portion of the opinion—that this language was also included in the Auto Policy.

6

2015) ("In the Rule 12(b) motion to dismiss context, a judge generally may not consider materials outside the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment.")[2]. Accordingly, the Court finds that the Complaint, as currently drafted, fails to state sufficient facts to entitle Plaintiffs to relief.

Finally, the Court finds that Onionman and Vidalia lack standing to bring the claims alleged in the Complaint. At bottom, standing is the question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co., 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). In order to establish standing in the context of a request for declaratory relief—as opposed to a request for damages—the plaintiff must, inter alia, "allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" Id. at 1210-11 (quoting Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). The only hint of damages alleged in the Complaint against Onionman and Vidalia is that they are "uncertain as to their rights and obligations" and that the adjudication of their rights is necessary to relieve them from "the risk of taking any future

---

[2] Because of the ambiguity in Plaintiffs' position as to which insurance policy applies to Dasher, the Court declines at this stage to convert Nationwide's Motion to Dismiss into a Motion for Summary Judgment under Rule 12(d).

undirected action incident to its rights, which action without direction would jeopardize the Plaintiffs' rights." Dkt. No. 1-1 ¶¶ 17-18. However, the Complaint offers no indication of what rights Onionman and Vidalia might have related to the November 2017 accident or, more importantly, how they might be injured if Dasher is denied coverage.

In their briefing, Plaintiffs allege that Onioinman and Vidalia "rely significantly . . . on Dasher to operate their farming operations" and that if Dasher "cannot be made whole again because he is denied coverage under the Policy, then both entities will undoubtedly suffer actual injury in the sense that their farming operations will grind to a halt." Dkt. No. 9 at 12. However, even if the Court could consider these new facts alleged for the first time in Plaintiffs' brief, the facts are merely conclusory and not sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Indeed, even assuming that Dasher is essential to Onionman and Vidalia's business, it is unclear why a court order finding that Dasher is covered personally under an UM policy would be critical to the continued operation of those businesses. Is Dasher's physical recovery from the accident somehow contingent on money recovered under the policy? Will Dasher's money—assuming he even recovers from Lester—go toward continued operations of the businesses? Absent answers to such questions, the Court simply declines to find that Plaintiffs'

8

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are sufficient to create standing on behalf of Onionman and Vidalia. <u>Iqbal</u>, 556 U.S. at 678.

For the reasons above, Nationwide's Motion to Dismiss, dkt. no. 5, is **GRANTED** and Plaintiffs' Complaint is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 30th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA